# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RANDOLF SCOTT,

       Plaintiff,

v.                                 No. 2:25-cv-0696 DLM

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

       Defendant.

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff Randolf Scott's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 16.) The Commissioner has no objection to the request. (*See* Doc. 17 at 1.) Having considered the briefs, the documents in support of the motion, and the relevant authority, the Court finds the motion should be **GRANTED IN PART**.

The party requesting EAJA fees has the burden to establish the reasonableness of both the hourly rate and the number of hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ultimately, the amount of the attorney's fees to be awarded is a decision that lies within the Court's discretion." *Roxanne C. v. Colvin*, No. 2:23-cv-0233 GBW, 2025 WL 89295, at *2 (D.N.M. Jan. 14, 2025) (citing *Pierce v. Underwood*, 487 U.S. 552, 571 (1988)). Even when the Commissioner does not raise specific objections to the fee calculations or total fee request, the Court must still review the request for reasonableness. *See Conway Gomez v. Bisignano*, No. 1:24-cv-0926 DLM, 2026 WL 575771, at *4 (D.N.M. Mar. 2, 2026) (citing *D.M.C. v. Kijakazi*, No. 21-

1276 DDC, 2022 WL 2663991, at *2 (D. Kan. July 11, 2022)).

Scott's attorney seeks $1,058.20 in fees for 4.2 hours of work performed by his attorneys, which reflects an hourly rate of $252.00. (*See* Doc. 16 at 1.) The Court will grant the request in part. The timesheet submitted reflects that the hours claimed include time spent filing initiating documents, filing the opening brief, and tabulating hours. (*See* Doc. 16-2 at 1.)  These tasks are clerical in nature, and "clerical work and overhead expenses are not compensable" under the EAJA. *See Villalobos*, 2016 WL 10179289, at *2 (citing 28 U.S.C. § 2412(d)(1)(A); *Montoya v. Colvin*, No. 1:14-cv-0836 LH/SMV, 2015 WL 13651170, at *3 (D.N.M. Dec. 16, 2015), *R&R adopted*, 2016 WL 10592306 (D.N.M. Jan. 11, 2016)) (subsequent citations omitted). The Court will exercise its discretion to reduce the claimed time by 0.5 hours, as Scott's attorneys cannot be compensated for filing documents or adjusting timesheets. *See Villalobos*, 2016 WL 10179289, at *2.

Consequently, the total attorney fee award is: $252.00/hour x 3.7 hours = $932.40. Together with costs of $405.00, the Court will award $1,337.40.

**IT IS THEREFORE ORDERED** that Plaintiff Randolf Scott's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 16) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that attorney fees are awarded under the EAJA, payable to Plaintiff but mailed to Plaintiff's attorney in the amount of $932.40 in attorney fees and $405.00 in costs. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

2

3

**IT IS FURTHER ORDERED**, that if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*